UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **LAUREN CUNNINGHAM** | **CIVIL ACTION NO.: UNASSIGNED** |
| **VERSUS** | **JUDGE: UNASSIGNED** |
| **ZEUS CAFÉ, INC., ZEUS MEDITERRANEAN, LLC, ZEUS, UL, LLC, ZEUS CAFÉ NEW ORLEANS, LLC, BALBEISI FOOD SERVICES, LLC, BALBEISI RESTAURANT GROUP, INC., NIDAL BALBEISI and AMJAD AL-BAQAIN** | **MAGISTRATE: UNASSIGNED**<br><br>**JURY DEMANDED** |

## COMPLAINT FOR DAMAGES

TO THE HONORABLE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA, LAFAYETTE DIVISION

**COMES NOW,** complainant, LAUREN CUNNINGHAM, complaining of ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; BALBEISI RESTAURANT GROUP, INC.; NIDAL BALBEISI and AMJAD AL-BAQAIN, seeks hereby to obtain all damages as may be authorized by law, resulting from an action in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), *et seq*. and §1981.

1.

This being a civil action arising under the constitutional laws of the United States, to address the deprivation of complainant's rights to be free from a discriminatory intimidation,

ridicule and insult.  Further, petitioner invokes the supplemental jurisdiction of the court granted pursuant to the provisions of 28 U.S.C. §1367, for the state tort claim, which arises out of the same transaction or occurrence and nucleus of operative facts as the original claim.

## FACTS

2.

Complainant, LAUREN CUNNINGHAM, is a citizen of United State and a resident of Lafayette, Lafayette Parish, State of Louisiana.

3.

Made defendants herein are:

A. **ZEUS CAFÉ, INC.;** upon information and belief, a domsetic business corporation authorized to do and doing business in the State of Louisiana, at all times relevant herein, whose officer/director and registered agent is NIDAL BALBEISI [See Exhibit A];

B. **ZEUS MEDITERRANEAN, LLC;** upon information and belief, a domsetic business corporation authorized to do and doing business in the State of Louisiana, at all times relevant herein, whose officer/manager and registered agent is NIDAL BALBEISI [See Exhibit B];

C. **ZEUS, UL, LLC;** upon information and belief, a domsetic business corporation authorized to do and doing business in the State of Louisiana, at all times relevant herein, whose officer/manager and registered agent is NIDAL BALBEISI [See Exhibit C];

D. **ZEUS CAFÉ' NEW ORLEANS, LLC;** upon information and belief, a domsetic business corporation authorized to do and doing business in the State of Louisiana, at all times relevant herein, whose officer/manager and registered agent is NIDAL BALBEISI [See Exhibit D];

E. **BALBEISI FOOD SERVICES, LLC**; upon information and belief, a domsetic business corporation authorized to do and doing business in the State of Louisiana, at all times relevant herein, whose officer/member/manager and registered agent is NIDAL BALBEISI [See Exhibit E];

F. **BALBEISI RESTAURANT GROUP, INC.;** upon information and belief, a domsetic business corporation authorized to do and doing business in the State of

        Louisiana, at all times relevant herein, whose officer/president/director and registered agent is NIDAL BALBEISI [See Exhibit F];

G.   **NIDAL BALBEISI;** upon information and belief, a person of the full age of majority and a domiciliary pf the Parish of Lafayette, State of Louisiana, and who, at all times material hereto, was the owner, officer, manager, director, president and/or member of ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; BALBEISI RESTAURANT GROUP, INC. [See Exhibits A - F], who can be served at 104 Water Oaks Drive; Lafayette, Louisiana 70503; and

H.   **AMJAD AL-BAQAIN**, also known as "A.J." upon information and belief, a person of the full age of majority and a domiciliary pf the Parish of Lafayette, State of Louisiana, and who, at all times material hereto, was a member of the management staff of ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; and/or BALBEISI RESTAURANT GROUP, INC., who can be served at 102 Copal Drive; Youngsville, Louisiana 70592.

4.

Defendants are indebted jointly, severally, and *in solido* for the following:

Plaintiff, LAUREN CUNNINGHAM, was employed at ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; and/or BALBEISI RESTAURANT GROUP, INC. in Lafayette, Louisiana, on or about 2016, as a waitress subject to the direct supersivion of defendant, AMJAD AL-BAQAIN.

5.

During her employment at ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; and/or BALBEISI RESTAURANT GROUP, INC.; AMJAD AL-BAQAIN, a manager who was also employed at all times relevant by NIDAL BALBEISI as a amanger for ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; and/or BALBEISI RESTAURANT GROUP, INC., began

3

a practice of sexual harassment and battery upon LAUREN CUNNINGHAM which caused severe, traumatic injury to plaintiff.

6.

Plaintiff, LAUREN CUNNINGHAM, was subjected to a pattern of conduct in violation of her civil rights and human rights, caused by unreasonable intrusions into the most private and confidential subjects by AMJAD AL-BAQAIN in the form of sexual harassment, sexual assault and battery, intentional infliction of emotional distress, invasion of privacy through reckless and outrageous offensive conduct exemplified by a pattern of conduct and particular incidents of unwelcomed, non-consensual sexual harassment.

7.

On or about October 10, 2016, AMJAD AL-BAQAIN grabbed LAUREN CUNNINGHAM's hand non-consensually and placed it over his genitals and told her to "squeeze the head.".

8.

On or about October 11, 2016, LAUREN CUNNINGHAM went into the cooler at ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; and/or BALBEISI RESTAURANT GROUP, INC. to get some bread for her customer.

9.

On or about October 11, 2016, in the cooler located inside ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; and/or BALBEISI RESTAURANT GROUP, INC., AMJAD AL-

BAQAIN followed LAUREN CUNNINGHAM inside and locked the cooler so she could not exit.

10.

While inside the cooler AMJAD AL-BAQAIN, grabbed LAUREN CUNNINGHAM's hair and forced her head down to his exposed genitalia and placed her mouth on his exposed genitals and forced Lauren to give him oral sex while saying, "suck my dick."

11.

At all times material and relevant, defendant AMJAD AL-BAQAIN was working within the course and scope of his employment with ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; and/or BALBEISI RESTAURANT GROUP, INC. Therefore, said employer is vicariously liable for the acts and omissions of its employee, defendant AMJAD AL-BAQAIN.

12.

Prior to October of 2016 management and male employees of ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; and/or BALBEISI RESTAURANT GROUP, INC., would openly talk about women in hostile and vulgar ways.

13.

Prior to October of 2016 AMJAD AL-BAQAIN would make comments that were sexual in nature to other male employees concerning women in the presence of female employees.

14.

Prior to October of 2016, AMJAD AL-BAQAIN was present and witnessed Kelci Guidry, a female employee of ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; and/or BALBEISI RESTAURANT GROUP, INC, being struck on the buttocks several times by a male employee, but would not intervene or stop the conduct despite Ms. Guidry making it known that the behavior was unwanted.

15.

On or around to October of 2016, YOUSEF BALBEISI, brother of NIDAL BALBEISI and a member of management staff of ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; and/or BALBEISI RESTAURANT GROUP, INC., would boast while at work and in the presnece of female employees that many women come forward with sexual harassment claims, but nothing ever comes of them.

16.

Prior to October of 2016, AMJAD AL-BAQUAIN would make unwanted advances toward female employees.

17.

In or around 2014, at a company party for employees of ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; and/or BALBEISI RESTAURANT GROUP, INC., which occurred at

2nd Floor Night Club, LLC, in Lafayette, Louisiana, also owned by NIDAL BALBEISI, ISMAIL BALBEISI, brother of NIDAL BALBEISI and a member of management staff of ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; and/or BALBEISI RESTAURANT GROUP, INC. grabbed Kelci Guidry by the hair, pulled her, bent her over and slapped her on the buttocks.

18.

The environment of hostility towards women was well established and known by managers and owners of ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; and/or BALBEISI RESTAURANT GROUP, INC., prior to and at the time of the allegations made by the plaintiff.

19.

On or about January 23, 2018 the U.S Equal Employment Opportunity Commission issued a Notice of Right to Sue [Exhibit G].

20.

At all times material and relevant, defendant, NIDAL BALBEISI, intentionally maintained and continues to maintain several shell corporations including, but not limited to ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; and/or BALBEISI RESTAURANT GROUP, INC., expressly for the purposes of avoiding federal civil rights violations. Further, NIDAL BALBEISI, has fomred sveareal more business corporations, far to numerours to list herein to further detection and prosecution under the Civil Rights Act of 1964.

21.

NIDAL BALBEISI is the owner, officer, manager, director, president and/or member of ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; and/or BALBEISI RESTAURANT GROUP, INC. and charged with the financial control of these entities. Thus, ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; and/or BALBEISI RESTAURANT GROUP, INC. have common ownership and finanicial control.

22.

The operations of ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; and BALBEISI RESTAURANT GROUP, INC. are interrelated using the resources, including but not limited to the same managers, employees, supplies, equipment, facilities and serving the same menu items.

23.

NIDAL BALBEISI, AMJAD AL-BAQAIN, YOUSEF BALBEISI and ISMAIL BALBEISI are managers for ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; and/or BALBEISI RESTAURANT GROUP, INC. Thus, ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI

FOOD SERVICES, LLC; and/or BALBEISI RESTAURANT GROUP, INC. have common management.

24.

The operations of ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; and BALBEISI RESTAURANT GROUP, INC. are interrelated using the resources, including but not limited to the same managers, employees, supplies, equipment, facilities and serving the same menu items.

25.

Likewise, the labor relations of ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; and BALBEISI RESTAURANT GROUP, INC. is centrally controlled with hiring, firing, retention, payroll, employee complaints and other general human rsource related functions all being controlled and overseen by NIDAL BALBEISI, and his managemenst staff, which includes AMJAD AL-BAQAIN, YOUSEF BALBEISI and ISMAIL BALBEISI.

26.

Thus, the aggregate test utilized and applied by the National Labor Relations Board to determine if multiple entities should be considered as a single employer in labor disputes is met. As a result the defendnats have the more that the requisite number of employees to bring this action under Title VII of the Civl Rights Act of 1964.

## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

27.

Complainant re-alleges and re-avers each and every allegation contained in paragraphs 1 through 26 of this complaint as fully set forth in this paragraph.

28.

In his supervisory capacity as an employee of ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; and/or BALBEISI RESTAURANT GROUP, INC., defendant, AMJAD AL-BAQAIN, engaged in acts of sexual harassment, sexual discrimination and intimidation, invasion of privacy and intentional infliction of emotional distress and created an intimidating, hostile and offensive work environment which seriously and permanently adversely affected the physical and psychological well being of LAUREN CUNNINGHAM.

29.

Defendant, ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; and/or BALBEISI RESTAURANT GROUP, INC., is liable unto complainant as a result of the acts and omissions of its employee, AMJAD AL-BAQAIN, for failure to use reasonable care to prevent the sexual harassment and other despicable conduct of AMJAD AL-BAQAIN when it knew or should have known of the abuse being endured by LAUREN CUNNINGHAM and for failure to provide a reasonable avenue of reporting sexual harassment.

30.

As a result of the aforesaid incidents, complainant, LAUREN CUNNINGHAM, has has suffered damages, and accordingly, defendants are solitarily liable to LAUREN

CUNNINGHAM for past, present and future medical expenses, benefits, loss of enjoyment of life, mental anguish, mental and physical pain and suffering, punitive damages, attorney's fees and court costs.

31.

Defendants acted with malice and reckless indifference with regard to the rights of LAUREN CUNNINGHAM and thus complainant, LAUREN CUNNINGHAM, is entitled to an award of exemplary damages against defendants.

32.

Because of the sexual harassment and denial of her basic civil rights, complainant, LAUREN CUNNINGHAM, was compelled to retain attorneys to insure that this conduct on the part of the defendant does not continue.  Complainant is, at the discretion of this court, entitled to reasonable attorney's fees.

**CIVIL LAW, NEGLIGENCE AND BATTERY**

33.

Complainant re-alleges and re-avers each and every allegation contained in paragraphs 1 through 32 of this complaint as set forth in this paragraph.

34.

The acts and omissions of defendant, AMJAD AL-BAQAIN, hereinabove alleged in detail constitute the intentional infliction of emotional distress under Louisiana Civil Code Article 2315 and the Louisiana Human Rights Act, LSA-R.S. 51:2231, *et seq*.  This court has pendant jurisdiction to hear and adjudicate this claim.

35.

AMJAD AL-BAQAIN actively desired to bring about the mental anguish suffered by LAUREN CUNNINGHAM and realized to a virtual certainty that it would occur.

36.

The atrocious and intolerable actions of AMJAD AL-BAQAIN complained of herein were designed and intended to inflict mental distress upon LAUREN CUNNINGHAM where all such incidents, injuries and damages occurred without her consent, welcome, acquiescence or concurrence.

37.

Defendant, ZEUS CAFÉ, INC.; ZEUS MEDITERRANEAN, LLC; ZEUS, UL, LLC; ZEUS CAFÉ NEW ORLEANS, LLC; BALBEISI FOOD SERVICES, LLC; and/or BALBEISI RESTAURANT GROUP, INC. is liable unto complainant for the actions and omissions of its employee, AMJAD AL-BAQAIN, when it knew or should have known of AMJAD AL-BAQAIN's inappropriate conduct.

38.

Complainant further demands a trial jury on all issues so triable as of right by a jury.

**WHEREFORE,** premises considered, complainant prays that defendants be cited to appear and answer and that, upon final hearing, judgment be rendered jointly and severally against all defendants, for compensatory damages, exemplary damages, together with court costs, interest at allowed by law, attorney's fees and any and all further relief, legal or equitable, to which complainant may be entitled. Complainant further prays for a trial by jury.

Respectfully submitted:

s/ L. Clayton Burgess

**L. CLAYTON BURGESS, APLC**
**L. CLAYTON BURGESS** (22979)
605 West Congress Street
Lafayette, Louisiana 70501
(337) 234-7573