UNITED STATES DISTRICT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| LAUREN CUNNINGHAM | CIVIL ACTION NO. 18-CV-00558-UDJ-CBW |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| ZEUS CAFE, INC., ZEUS MEDITERRANEAN, LLC, ZEUS, UL, LLC, ZEUS CAFE NEW ORLEANS, LLC BALBEISI FOOD SERVICES, LLC, BALBEISI RESTAURANT GROUP, INC., NIDAL BALBEISI and AMJAD AL-BAQAIN | MAGISTRATE JUDGE WHITEHURST *Electronically Filed* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)
## AND/OR MOTION FOR SUMMARY JUDGMENT

Respectfully submitted,

**SCOFIELD & RIVERA, L.L.C**

BY: *s/Bryan D. Scofield*
    **BRYAN D. SCOFIELD - #19147**
    **JAMES T. RIVERA - #23913**
    **JESSICA L. MARCHAND - #34160**
    100 E. Vermilion, Suite 301
    Post Office Box 4422
    Lafayette, Louisiana 70502
    (337) 235-5353
    **ATTORNEYS FOR** Amjad Al-Baqain

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing has this date been filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all attorneys of record by operation of the court's electronic filing system.

Lafayette, Louisiana, this 10th day of August, 2018.

                                                       *s/Bryan D. Scofield*
                                                     **BRYAN D. SCOFIELD - #19147**

## **TABLE OF CONTENTS**

I. PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. THE PARTIES AND CLAIMS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. LEGAL STANDARD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    A. Plaintiff's Federal Claim under Title VII of the Civil Rights Act of 1964 and State Law claims under the Louisiana Human Rights Act, LSA-R.S. 51:2231, *et seq.* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

    B. Plaintiff's §1981 Claim . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    C. Plaintiff's Claims under Civil Code Article 2315 . . . . . . . . . . . . . . . . . . . . . . . 8

## TABLE OF AUTHORITIES

*Ackel v. National Communications, Inc.*,
    339 F.3d 376, 381 (5 Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 5

*Dubois v. Cetco Energy Services, Co. LLC*,
    2015 W.L. 569854 (W.D. La. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6, 7, 8, 9

*Franklin v. City of Slidell*,
    936 F. Supp. 2d 691, 703 (E.D. La. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Grant v. Lone Star Co.*,
    21 F.3d 649, 652 (5th Cir. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Huckabay v. Moore*,
    142 F.3d 233, 241 (5 Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Indest v. Freeman Decorating, Inc.*,
    164 F.3d 258, 626 (5th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Innova Hospital San Antonia Ltd. Partnership v. Blue Cross and Blue Shield of Georgia, Inc.*,
    892 F.3d 719, 725 (5 Cir. 2018) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Miller v. Maxwell's Int'l Inc.*,
    991 F.2d 583, 587 (9th Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Perry v. Dallas Independent School District*,
    1998 W.L. 614668 (N.D. Tx. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Pfau v. Reed*,
    125 F.3d 927, 935-36 (5th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Smith v. Amedisys Inc.*,
    298 F.3d 434, 448-49 (5 Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7

## STATUTES

Louisiana Civil Code Article 2315 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 8, 9

Louisiana Civil Code Article 3492 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

LSA-R.S. 22:46 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

LSA-R.S. 23:301 .............................................................. 6

LSA-R.S. 23:302(2) ........................................................... 6

LSA-R.S. 51:2231 ....................................................... 2, 5, 6, 7

LSA-R.S. 51:2232(10) ......................................................... 6

Civil Rights Act of 1964, 42 U.S.C. §1981 ................................. 2, 7, 8

Civil Rights Act of 1964, 42 U.S.C. §2000(e) ................................. 2, 5

**OTHER**

Federal Rules of Civil Procedure 12 .................................... 2, 3, 4, 6

Federal Rules of Civil Procedure 56 ......................................... 2, 4

UNITED STATES DISTRICT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

LAUREN CUNNINGHAM                          CIVIL ACTION NO. 18-CV-00558-UDJ-CBW

VERSUS                                     UNASSIGNED DISTRICT JUDGE

ZEUS CAFE, INC., ZEUS                      MAGISTRATE JUDGE WHITEHURST
MEDITERRANEAN, LLC, ZEUS, UL,
LLC, ZEUS CAFE NEW ORLEANS, LLC
BALBEISI FOOD SERVICES, LLC,
BALBEISI RESTAURANT GROUP, INC.,
NIDAL BALBEISI and AMJAD AL-BAQAIN         *Electronically Filed*
*************************************************************************

## MEMORANDUM IN SUPPORT OF
## MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)
## AND/OR MOTION FOR SUMMARY JUDGMENT

### I. PRELIMINARY STATEMENT

Al-Baqain vehemently denies Plaintiff's unsubstantiated and untrue allegations. Surveillance video from the restaurant casts serious doubt on Plaintiff's claim that Al-Baqain forced her to give him oral sex in the restaurant's cooler as alleged in paragraphs 8-9 of her Complaint. The video shows they were in the cooler together for approximately 30 seconds. Then, Al-Baqain emerges carrying bread, and Plaintiff follows him. She appears to be in no distress, her hair is perfectly intact, and they worked side by side in the kitchen for a few minutes. Plaintiff then continues to perform various tasks and uses her cell phone for approximately the next hour or so. She then leaves the restaurant waving goodbye to her co-employees.

A statement from a co-employee noted Plaintiff's drug use, including "meth," and offering co-employees drugs on the job, along with stealing alcohol from the restaurant. Her poor performance did not "amuse" Al-Baqain, who was her supervisor. Therefore, Plaintiff hated him

and "planned to get him fired" according to the statement from her co-employee. There are two sides to her claims - her version and the truth.

## II. THE PARTIES AND CLAIMS

Plaintiff is Lauren Cunningham. She filed suit against numerous Defendants, including Amjad Al-Baqain ("Al-Baqain"), for alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), *et seq.* and §1981.[1] Plaintiff also asserted claims under the Louisiana Human Rights Act, LSA-R.S. 51:2231, *et seq.* and Civil Code Article 2315.[2] Plaintiff's claims should be dismissed, with prejudice and at Plaintiff's sole costs, pursuant to Rule 12(b)(6) and/or Rule 56 of the Federal Rules of Civil Procedure.

Plaintiff also asserted claims against various corporations, limited liability companies and one other individual. With respect to Al-Baqain, Plaintiff alleged Al-Baqain "was a member of the management staff of Zeus Cafe, Inc." and other entities.[3] In paragraph 4 of her Complaint, Plaintiff alleged she was "a waitress subject to the direct supervision of defendant," Al-Baqain. In paragraph 5, Plaintiff claimed Al-Baqain was "a manager who was also employed at all times relevant by" the other entities and the other individual named as Defendants. <u>Importantly, Plaintiff does not, and cannot in good faith, allege Al-Baqain was her employer.</u> As a result, Plaintiff's Complaint should be dismissed, because it fails to state a claim upon which relief can be granted under Title VII and the Louisiana Human Rights Act claims.

Plaintiff further alleged that Al-Baqain "began a practice of sexual harassment and battery"

---

[1] See introductory paragraph of Plaintiff's Complaint.

[2] See Plaintiff's Complaint, ¶34.

[3] See Plaintiff's Complaint, ¶3(H).

-2-

upon Plaintiff, which caused her to sustain injuries.[4] Moreover, Plaintiff alleged that such activities occurred on or before October 11, 2016.[5] Plaintiff also attached exhibits to her Complaint for Damages. Exhibit G included an Equal Employment Opportunity Commission ("EEOC") "Notice of Right to Sue" and "Charge of Discrimination." She claimed to have been "constructively discharged on October 11, 2016" in the Charge of Discrimination attached as part of Exhibit G to her Complaint. <u>Plaintiff does not allege offending conduct occurred after October 11, 2016.</u>

Plaintiff's Complaint was filed on April 23, 2018,[6] which is approximately a year and a half after the last alleged conduct. Thus, Plaintiff's Louisiana tort claims under Civil Code Article 2315 have prescribed and should be dismissed via summary judgment, with prejudice and at Plaintiff's sole costs.

### III. **LEGAL STANDARD**

With respect to a motion to dismiss pursuant to Rule 12(b)(6), this Court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. Generally, a court ruling on a 12(b)(6) motion may rely on the Complaint, <u>its proper attachments</u>, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. To survive a motion to dismiss, a complaint must contain sufficient factual matter which, when taken as true, states a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The facts alleged must be enough to raise a right to

---

[4] See Plaintiff's Complaint, ¶5.

[5] See Plaintiff's Complaint, ¶¶ 7, 8 and 9. See also Plaintiff's Complaint, ¶¶ 12-17.

[6] See Plaintiff's Complaint for Damages.

relief above the speculative level, but the complaint may survive a motion to dismiss even if recovery seems very remote and unlikely.[7]

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."[8] The summary judgment standard is well-established. Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law."[9] In determining whether there is a genuine issue for trial, the court reviews the evidence in the light most favorable to the non-moving party and will not weigh the evidence or evaluate the credibility of witnesses.[10] "Summary judgment must be affirmed if it is sustainable on any legal ground in the record."[11]

---

[7]See *Innova Hospital San Antonia Ltd. Partnership v. Blue Cross and Blue Shield of Georgia, Inc.*, 892 F.3d 719, 725 (5 Cir. 2018) (citations omitted).

[8]See Rule 12(d) of the Federal Rules of Civil Procedure.

[9]See *Ackel v. National Communications, Inc.*, 339 F.3d 376, 381 (5 Cir. 2003); *quoting* Rule 56(c) of the Federal Rules of Civil Procedure.

[10]*Id.*

[11]*Id.*

## IV. **ARGUMENT**

A. **Plaintiff's Federal Claim under Title VII of the Civil Rights Act of 1964 and State Law claims under the Louisiana Human Rights Act, LSA-R.S. 51:2231,** *et seq.*

Plaintiff's Title VII claims against Al-Baqain are not legally cognizable.[12] The Fifth Circuit has held that Title VII does not impose individual liability:

> While Title VII defines the term employer to include 'any agent' of an employer,... §2000e(b), this circuit does not interpret the statute as imposing individual liability for such a claim. *See Pfau v. Reed*, 125 F.3d 927, 935-36 (5th Cir. 1997). Congress's purpose in extending the definition of an employer to encompass an agent in Section 2000e(b) was simply to incorporate *respondeat superior* liability into Title VII. *Grant v. Lone Star Co.*, 21 F.3d 649, 652 (5th Cir. 1994); *see also Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993). Thus, a Title VII suit against an employee is actually suit against the corporation.[13]

In addition, Plaintiff "may not maintain a Title VII claim against both [her] employer and the agents or employees of [her] employer."[14] The Fifth Circuit and this Court have repeatedly held that individuals, including co-employees and supervisors, "cannot be liable under Title VII in either their individual or official capacities."[15]

As a result of this overwhelming authority, Plaintiff's Title VII claims against Al-Baqain must be dismissed, with prejudice, because there is no individual liability under Title VII actions.

---

[12] See *Franklin v. City of Slidell*, 936 F. Supp. 2d 691, 703 (E.D. La. 2013).

[13] See *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 626 (5th Cir. 1999) (emphasis added).

[14] *Id.*

[15] See *Dubois v. Cetco Energy Services, Co. LLC*, 2015 W.L. 569854 (W.D. La. 2015); *Smith v. Amedisys Inc.*, 298 F.3d 434, 448-49 (5 Cir. 2002); and *Ackel v. National Communications, Inc.*, 339 F.3d 376, 382 n. 1 (5 Cir. 2003).

The same is true with respect to Plaintiff's state law claims under the Louisiana Human Rights Act, LSA-R.S. 51:2231, *et seq*. LSA-R.S. 51:2231(A) provides, "It is the purpose and intent of the legislature by this enactment to provide for execution within Louisiana of the policies embodied in the Federal Civil Rights Act of 1964, 1968, and 1972 . . . as amended . . . ." LSA-R.S. 51:2232(10) defines the phrase "unlawful practice" to mean "a discriminatory practice in connection with employment, a discriminatory practice in connection with public accommodations, or any other practice prohibited by this Chapter or by Chapter 3-A of Title 23 of the Louisiana Revised Statutes of 1950."

Chapter 3-A of Title 23 is found in LSA-R.S. 23:301, *et seq*. which is cited as the "Louisiana Employment Discrimination Law" ("LEDL"). LSA-R.S. 23:302(2) defines the term "employer" to mean "a person, association, legal or commercial entity, the state, or any state agency, board, commission, or political subdivision of the state receiving services from an employee and, in return, giving compensation of any kind to an employee. The provisions of this Chapter shall apply only to an employer who employs twenty or more employees within this state for each working day.... 'Employer' shall also include an insurer, as defined in R.S. 22:46, with respect to appointment of agents, regardless of the character of the agent's employment."

This Court and the Fifth Circuit have granted Rule 12(b)(6) and summary judgment motions dismissing claims asserted against individuals under the foregoing Louisiana statutes. In *Dubois v. Cetco Energy Services, Co. LLC*,[16] this Court found:

> The definition of 'employer' in the LEDL focuses on the issue of which entity pays the employee, not the issue of control. For purposes of employment discrimination cases 'employer' has been specifically defined, and to satisfy that definition one must

---

[16] 2015 W.L. 569854 (W.D. La. 2015).

(1) receive services from the employee and in return give compensation to that employee, and (2) meet the requisite number of employees prescribed by statute.

As a result, the plaintiff's claims in *Dubois* were dismissed against Dubois' supervisor and co-employee, because there is no individual liability under the Louisiana statutes.

The Fifth Circuit reached the same result in *Smith v. Amedisys Inc.*[17] In that case, the plaintiff filed suit alleging a cause of action under the Louisiana Commission of Human Rights Act, LSA-R.S. 51:2231 ("LCHRA"). This is the same cause of action asserted by Plaintiff in this case. Citing the various Louisiana definitions of the term "employer" under the applicable statutes, the Fifth Circuit held:

> Louisiana courts and federal courts applying Louisiana law have routinely looked to federal jurisprudence to interpret Louisiana employment discrimination statutes. (citations omitted) Under Title VII, an 'employer' includes any 'person engaged in an industry affecting commerce . . . and any agent of such a person.'(citation omitted) This circuit has held that there is no individual liability for employees under Title VII. (citations omitted) While Title VII's definition of the term employer includes 'any agent' of an employer, Congress's purpose was merely to import *respondeat superior* liability into Title VII. (citations omitted) Further, a plaintiff is not entitled to maintain a Title VII action against both an employer and its agent in an official capacity. (citation omitted) **Under the reasoning of our case law interpreting Title VII, the individual Defendants cannot be liable to Smith in their individual or official capacities under the LCHRA.** (citation omitted)[18]

As a result, the Fifth Circuit granted the individual defendants' motion for summary judgment and dismissed the plaintiff's claims against the individual defendants, with prejudice. The same result is warranted in this case either by motion to dismiss or summary judgment.

**B.     Plaintiff's §1981 Claim**

In the introductory paragraph of her Complaint for Damages, Plaintiff referenced a claim

---

[17]298 F.3d 434 (5 Cir. 2002).

[18]See *Smith*, 298 F.3d at 448-449.

-7-

under 42 U.S.C. §1981. This Court and the Fifth Circuit have explained the scope of a claim under §1981.

That statute provides a prevailing plaintiff in an intentional employment discrimination case the ability to recover compensatory and punitive damages from the defendant.[19] However, this "statute does not create a new substantive right or independent cause of action; rather, it 'enhances the remedies otherwise available for intentional employment discrimination'."[20] As this Court stated in *Dubois*, §1981 merely provides remedies additional to those already available, and §1981 applies <u>only if the plaintiff otherwise establishes intentional discrimination on the part of the employer under another substantive act</u>. Applying the holding in *Dubois* to this case, Plaintiff likewise has no right to relief or additional remedies from Al-Baqain under §1981 and those claims must be dismissed, because Plaintiff has no viable Title VII claim against Al-Baqain.[21]

### C. **Plaintiff's Claims under Civil Code Article 2315 have Prescribed**

Plaintiff asserted that Al-Baqain is liable in tort under Louisiana Civil Code Article 2315.[22] Plaintiff alleged that she was constructively discharged from her job on October 11, 2016.[23] Plaintiff's Complaint also alleged the last date of improper conduct against her was October 11,

---

[19] See *Dubois, supra*.

[20] See *Dubois, supra*, citing *Perry v. Dallas Independent School District*, 1998 W.L. 614668 (N.D. Tx. 1998); see also *Huckabay v. Moore*, 142 F.3d 233, 241 (5 Cir. 1998).

[21] See *Dubois, supra*.

[22] See Plaintiff's Complaint, ¶34.

[23] See Plaintiff's Complaint, Exhibit G.

2016.[24] Plaintiff cited additional allegations of improper conduct with respect to other employees and/or other Defendants, but all of the alleged incidents were prior to or in October of 2016.[25] However, Plaintiff did not file suit until April 23, 2018 - - approximately 1.5 years later. The tort claims asserted by Plaintiff include "intentional infliction of emotional distress under Louisiana Civil Code Article 2315"[26] and battery.[27]

Clearly, Plaintiff's tort claims have prescribed. Indeed, this exact issue was previously decided by this Court in *Dubois*.[28] In *Dubois*, this Court held that asserting a claim through the EEOC did not interrupt prescription "since administrative claims filed with the EEOC do not interrupt prescription on state law claims." The *Dubois* court held that the plaintiff's Louisiana tort claims had prescribed and dismissed them with prejudice.

The same is true here. It is well-established that Plaintiff's state tort claims under Civil Code Article 2315 "are subject to a liberative prescription of one year."[29] Accordingly, Plaintiff's claims under Louisiana Civil Code Article 2315 have prescribed, because the Complaint was filed approximately 1.5 years after the last alleged conduct. Her Louisiana tort claims should be dismissed, with prejudice and at Plaintiff's sole costs.

---

[24] See Plaintiff's Complaint, ¶8.

[25] See Plaintiff's Complaint, ¶¶12-16.

[26] See Plaintiff's Complaint, ¶34.

[27] See Plaintiff's Complaint, ¶¶33-37.

[28] 2015 W.L. 569854 (W.D. La. 2015).

[29] See La. Civ. Code art. 3492.

Respectfully submitted,

**SCOFIELD & RIVERA, L.L.C**

BY: *s/Bryan D. Scofield*
    **BRYAN D. SCOFIELD - #19147**
    **JAMES T. RIVERA - #23913**
    **JESSICA L. MARCHAND - #34160**
    100 E. Vermilion, Suite 301
    Post Office Box 4422
    Lafayette, Louisiana 70502
    (337) 235-5353
**ATTORNEYS FOR** Amjad Al-Baqain

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the above and foregoing has this date been filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all attorneys of record by operation of the court's electronic filing system.

Lafayette, Louisiana, this 10th day of August, 2018.

*s/Bryan D. Scofield*
**BRYAN D. SCOFIELD - #19147**