# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| LAUREN CUNNINGHAM | CIVIL ACTION NO. 18-0558 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| ZEUS CAFÉ, INC., ZEUS MEDITERRANEAN, LLC, ZEUS, UL, LLC, ZEUS CAFÉ NEW ORLEANS, LLC, BALBEISI FOOD SERVICES, LLC, BALBEISI RESTAURANT GROUP, INC., NIDAL BALBEISI and AMJAD AL-BAQAIN | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM RULING

Before the Court is a Motion To Dismiss Pursuant To Rule 12(b)(6) And/Or Motion For Summary Judgment, filed by one of the defendants, Amjad Al-Baqain ("Al-Baqain"). See Record Document 18. For the reasons which follow, Al-Baqain's motion is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

The plaintiff, Lauren Cunningham ("Cunningham"), was employed as a waitress at Zeus Café in Lafayette, Louisiana.[1] She asserts that, while she was under the direct supervision of Al-Baqain, she was "subjected to a pattern of conduct in violation of her civil rights and human rights, caused by unreasonable intrusions into the most private and confidential subjects by Amjad Al-Baqain in the form of sexual harassment, sexual assault and battery, intentional infliction of emotional distress, invasion of privacy through reckless

---

[1] Cunningham's complaint asserts that she was employed at "Zeus Café, Inc.; Zeus Mediterranean, LLC; Zeus, UL, LLC; Zeus Café New Orleans, LLC; Balbeisi Food Services, LLC; and or Balbeisi Restaurant Group, Inc." Record Document 1 at 3.

and outrageous offensive conduct exemplified by a pattern of conduct and particular incidents of unwelcomed, non-consensual sexual harassment." Record Document 1 at 4. She filed suit in state court on October 10, 2017, asserting Louisiana state law claims. On April 23, 2018, Cunningham filed a complaint in this court, alleging, inter alia, violations of her civil and constitutional rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), et seq. and Title 42, United States Code, Section 1981, intentional infliction of emotional distress and battery pursuant to Louisiana law, and the Louisiana Human Rights Act, La. R.S. 51:2231, et seq. See id. Thereafter, Al-Baqain filed the instant motion to dismiss, asserting that Cunningham's complaint should be dismissed because it fails to state a claim upon which relief could be granted under Title VII and the Louisiana Human Rights Act, as Al-Baqain was not her employer. See Record Document 18 at 2. Al-Baqain further contends that any tort claims that Cunningham has alleged against him have prescribed and should be dismissed. See id. at 3. Cunningham filed an opposition and Al-Baqain thereafter filed a reply. See Record Documents 23 and 27.

**LAW AND ANALYSIS**

**I.      Pleading Standards And The Rule 12(b)(6) Standard.**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The standard for the adequacy of complaints under Rule 8(a)(2) is now a "plausibility" standard found in Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007), and its progeny. Under this standard, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint

are true (even if doubtful in fact)." Id. at 555-56, 127 S. Ct. at 1965 (citations omitted). If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a pleading for failure to state a claim upon which relief may be granted. In deciding a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings." Colle v. Brazos Cnty., Tex., 981 F.2d 237, 243 (5th Cir. 1993) (citation omitted). However, a court may rely upon "documents incorporated into the complaint by reference [] and matters of which a court may take judicial notice" in deciding a motion to dismiss. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted); see Fed. R. Evid. 201. Additionally, courts must accept all allegations in a complaint as true. See Twombly, 550 U.S. at 555, 127 S. Ct. at 1965.

A motion to dismiss is "viewed with disfavor and is rarely granted." Turner v. Pleasant, 663 F.3d 770, 775 (5th Cir. 2011), quoting Harrington v. State Farm Fire & Cas. Co., 563 F.3d 141, 147 (5th Cir. 2009). Dismissal is appropriate only if the complaint fails to plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974. To satisfy this standard, the complaint must provide more than conclusions, but it "need not contain detailed factual allegations." Colony Ins. Co. v. Peachtree Constr., Ltd., 647 F.3d 248, 252 (5th Cir. 2011). However, it must allege enough facts to move the claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974. Determining whether the plausibility standard has

been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950.

II.     **Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986).

"A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323, 106 S. Ct. at 2553 (internal quotations omitted). If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response. See Tubacex, Inc. v. M/V Risan, 45 F.3d 951, 954 (5th Cir.1995).

If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine [dispute] for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could

not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). Where the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the plaintiff. See Scott v. Harris, 550 U.S. 372, 378, 127 S. Ct. 1769 (2007). In sum, the motion for summary judgment "should be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." Celotex Corp., 477 U.S. at 323, 106 S. Ct. at 2553.

### III. Title VII And Louisiana Human Rights Act Claims.

Al-Baqain seeks the dismissal of any claims Cunningham may have asserted under Title VII of the Civil Rights Act of 1964 and the Louisiana Human Rights Act, arguing that neither imposes individual liability and that he is not Cunningham's employer. See Record Document 18 at 5. In response, Cunningham states that she has "not alleged a claim under Title VII of the Civil Rights Act of 1964 or a claim under the Louisiana Human Rights Act against defendant, Al-Baqain." Record Document 23 at 6. She further clarifies that she "never intended to and never actually did assert claims under Title VII of the Civil Rights Act of 1964 or under the Louisiana Human Rights Act against defendant, Al-Baqain." Id. at 8. Therefore, any claims that may have been asserted against Al-Baqain under these theories of recovery shall be **DISMISSED**.

### IV. Claims Pursuant To 42 U.S.C. § 1981.

Al-Baqain next seeks the dismissal of any claims Cunningham may have asserted against him under 42 U.S.C. § 1981. See Record Document 18 at 7. Once again,

Cunningham responds that she "has not attempted to assert any additional remedies against defendant, Al-Baqain under 42 U.S.C. § 1981." Record Document 23 at 8. Therefore, any claims that may have been asserted against Al-Baqain under 42 U.S.C. § 1981 shall be **DISMISSED**.

**V.    State Law Claims.**

Cunningham has also asserted that Al-Baqain is liable in tort pursuant to Louisiana Civil Code Article 2315 for intentional infliction of emotional distress and battery. See Record Document 1 at 11-12. Al-Baqain contends that Cunningham's state law tort claims have prescribed. See Record Document 18 at 9.

The parties do not dispute that a one-year statute of limitation applies to Cunningham's Louisiana state law claims. See Hoover v. SOS Staffing Servs., Inc., 584 F. App'x 190, 191 (5th Cir. 2014), citing Rivers v. Zwolle, No. 10-CV-0578, 2011 WL 1103792, at *2 (W.D. La. Mar. 22, 2011) ("Claims for intentional infliction of emotional distress are also subject to a one-year prescriptive period."); Tickle v. Smith, No. 15-CV-6758, 2016 WL 3430679, at *3 (E.D. La. June 22, 2016) ("[F]or the battery . . . and intentional and negligent infliction of emotional distress claims the prescriptive period is one year because they are all delictual actions."); La. Civ. Code art. 3492. Cunningham complains of incidents that occurred at work on October 10 and 11, 2016, and events that occurred "prior to October of 2016." See Record Document 1 at 4 and 6. Cunningham did not file suit in this court until April 23, 2018. See Record Document 1. However, Cunningham fax filed a petition in state court on October 10, 2017, asserting Louisiana state law claims, which she alleges is still pending. See Record Document 23, Ex. A.

Cunningham, therefore, contends that her timely filed complaint in state court is sufficient to interrupt prescription.  See Record Document 23 at 9.

Al-Baqain attacks the state court petition for numerous reasons.  First, he contends that Cunningham did not properly authenticate the petition or indicate that she complied with the Louisiana state regarding filing pleadings by facsimile.  See Record Document 27 at 2.  He further contends that the petition is file stamped and dated October 12, 2017, leading to his conclusion that the state tort claims have prescribed.  See id.  He next complains of the fact that the state court petition named as defendants Zeus Café, Inc. and AJ Doe, a fictitiously named defendant.  He asserts that this has no legal effect and does not interrupt prescription as to Al-Baqain, but then admits that "[t]o the extent Zeus Café, Inc. employed Al-Baqain, the suit against Zeus may interrupt prescription against Al-Baqain." Id. at 3.  These arguments, made without legal support or application of the law to the facts, are insufficient to result in a dismissal of Cunningham's state law claims at this stage of the proceedings.

Al-Baqain next relies upon Louisiana Revised Statute 9:5801 in an attempt to argue that Cunningham's state law claims have prescribed.  He notes that Cunningham's state court petition requested that service of process be withheld and that there is no evidence that service has ever been requested.  Louisiana Code of Civil Procedure Article 1201(C) provides that "[s]ervice of the citation shall be requested on all named defendants within ninety days of commencement of the action."  Louisiana Code of Civil Procedure Article 1672(C) provides that a "judgment dismissing an action without prejudice shall be rendered as to a person named as a defendant for whom service has not been requested" within the ninety day time period.  Section 9:5801 then provides that "interruption is considered never

to have occurred as to a person named as a defendant who is dismissed from a suit because service of citation was not timely requested and the court finds that the failure to timely request service of citation was due to bad faith." Al-Baqain attaches the affidavit of the registered agent for service of process for Zeus Café, Inc., who attests that neither he nor anyone else at Zeus Café, Inc. has been served with the state court petition. See Record Document 27, Ex. 1. Al-Baqain concludes that "there was and is no excuse for failing to request service of process on Zeus Café, Inc. for over 11 months." Id. at 3.

Al-Baqain cites the case of Jacobs v. Louisiana Farm Bureau Insurance Companies, 815 So.2d 858 (La. App. 3d Cir. 2001), wherein the Louisiana Third Circuit, discussing Section 9:5801, stated that the state "provides a safeguard against a party who might consider using the filing delays and refilings, without effecting service, as a strategy." Id. at 861. He thus concludes that "[b]ased upon the foregoing, Plaintiff's state court petition failed to interrupt prescription, and Plaintiff's Louisiana tort claims have prescribed." Record Document 27 at 4. However, Al-Baqain neglects to mention that "unless the record indicates that the failure to timely request service was due to bad faith, filing a lawsuit interrupts prescription, even if service was not timely perfected." Hutchinson v. Dollar Gen. Corp., No. 07-574, 2008 WL 1803778, at *4 (M.D. La. Apr. 18, 2008). In addition, he has not alleged that he has been dismissed from the state court suit. Furthermore, Section 9:5801 requires that the court "make a factual finding of bad faith" which has not been made herein. Coker v. Morris, 855 So.2d 916, 920 (La. App. 2d Cir. 2003), citing Futrell v. Cook, 805 So.2d 325 (La. App. 4th Cir. 2001). Accordingly, Al-Baqain is not entitled to dismissal of Cunningham's state law claims based upon these arguments.

## CONCLUSION

Based on the foregoing analysis, the Motion To Dismiss Pursuant To Rule 12(b)(6) And/Or Motion For Summary Judgment (Record Document 18) is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** to the extent that it seeks dismissal of any claims Cunningham may have made pursuant to Title VII, the Louisiana Human Rights Act or 42 U.S.C. § 1981 against defendant, Al-Baqain, and these claims are **DISMISSED WITH PREJUDICE**. The motion is **DENIED** in all other respects.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 21st day of September, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT